IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

KASHIKA SPEED,

    Plaintiff,

v.                               CIVIL ACTION NO. 1:20-00391

MR. C. MARUKA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is pro se plaintiff Kashika Speed's "Notice for Reconsideration or Notice of Appeal[.]" (ECF No. 9). He also filed this motion in two duplicative cases related to the same allegations. (See Civil Action Nos. 1:20-00274 and 1:21-00486).

In the motion, Mr. Speed asks the court to reconsider "the Memorandum Opinion and Order, filed on March 23, 2023." (ECF No. 9 at 1). Of the three cases in which he filed this motion, this is the only one with an order dated March 23, 2023. (See ECF No. 6). The court will, therefore, consider his arguments here.

In the challenged order, the court adopted Magistrate Judge Aboulhosn's Proposed Findings and Recommendation ("PF&R"), which recommended that the court dismiss Mr. Speed's complaint for failure to prosecute, because he had "not paid the filing fee or

filed an Application to Proceed Without Prepayment of Fees, or otherwise responded to the Court's Order that was entered more than seven months ago."  (ECF No. 4 at 2).  Mr. Speed was given fourteen days plus three mailing days to file objections to the PF&R.  (See id. at 5).  However, after receiving no objections, this court adopted the PF&R through the challenged order.  (See ECF No. 6).

Mr. Speed does not indicate which rule of civil procedure he relies upon to bring his motion to reconsider.  However, he filed the motion on April 12, 2023, (see ECF No. 9), which is within 28 days of March 23, 2023, when judgment was entered, (see ECF No. 7).  Therefore, the motion "is to be considered as to alter or amend that judgment under 59(e)."  Bailes v. Erie Ins. Prop. and Cas. Co., No. 3:09-0146, 2010 WL 547577, at *1 (S.D.W. Va. Feb. 9, 2010) (quoting Perkins v. United States, 848 F. Supp. 1236, 1237 (S.D.W. Va. 1994)).

A motion brought under Rule 59(e) imposes a high burden on the movant:  "[A] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F. 3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F. 3d 233, 236 (4th

2

Cir. 1994)); see also United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F. 3d 284, 290 (4th Cir. 2002).

Mr. Speed's arguments do not fit within the very narrow circumstances that support a Rule 59(e) motion. Most of his arguments challenge this court's rulings in his two other cases, which were dismissed for failure to exhaust administrative remedies. (See ECF No. 9). His only argument relevant to this case is that he could not object to the PF&R adopted by the challenged order, because he claims he never received the PF&R. (See ECF No. 9 at 3).

However, Mr. Speed's assertion that he did not receive the PF&R is not supported by the record. When Mr. Speed filed this lawsuit, he was incarcerated at Federal Correctional Institution McDowell. (See ECF No. 1 at 3). When the Clerk's office mailed the PF&R to him at that address, it was returned as undeliverable on January 25, 2021, because he was released on July 17, 2020, (see ECF No. 5), and he did not update his mailing address with the court, as required by Rule 83.5 of the Local Rules of Civil Procedure, which provides that "[a] *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number."

Despite Mr. Speed neglecting his responsibility, the Clerk's office remailed him the PF&R on November 8, 2021, after

3

updating his address, per his request, to the Niagara County Jail in Lockport, New York. Mr. Speed did not file an objection or otherwise respond to the PF&R before this court adopted it on March 23, 2023. His failure to file a timely objection is entirely consistent with his failure to prosecute the action, for which it was dismissed, and his unsubstantiated argument that he never received the PF&R does not satisfy his high burden under Rule 59(e). Therefore, his motion for reconsideration (ECF No. 9) is **DENIED**.

If Mr. Speed wishes to appeal this Order, he should file a notice of appeal.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to petitioner, pro se.

**IT IS SO ORDERED** this 28th day of March, 2024.

ENTER:

David A. Faber
Senior United States District Judge